## CALVIN GORE ET AL.

### v.

## EMANUEL KRAMER ET AL.

CHANCERY.—The court is of opinion that the demurrer to this bill brought by appellants in behalf of themselves and all other creditors of the firm of appellees was properly sustained.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding. Opinion filed January 27, 1886.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellants.

Mr. W. B. CUNNINGHAM, for appellees.

PER CURIAM. This was a bill brought by appellants in behalf of themselves and all other creditors of the firm of Kramer Bros. & Co., "for an administration," (in the language of appellants' brief) "of the assets of said firm." The bill is very voluminous and complex, no less than seven bills having been filed by as many different complainants, in addition to the bill of the original complainants. The bill is of a somewhat novel character in our chancery practice. It is not a creditor's bill, none of the complainants having put their claims into judgment, nor is it a bill in the nature of a creditor's bill, and after a very careful examination of its allegations we find ourselves at a loss to determine upon what precise theory cognizable in a court of chancery the complainants base their claim for equitable relief. Aside from this, we find no allegation in either of the bills that at the time of filing the same, any of the complainants were the owners or holders of the promissory notes executed by the defendants upon which the complainants based their claims, and which are the only evidence that complainants were creditors of the defendants at the time of the filing of the bills. The mere averment of the execution of commercial paper to complainants several months prior to the

filing of the bill is not sufficient, since such paper may have been negotiated and in the hands of *bona fide* holders long prior to the filing of the bill. Nor is there any sufficient allegation of the insolvency of the partnership firm. The allegation that " said defendant firm has no other property known to your orators out of which they can make their demands when due, save and except the said stock of goods and the unpaid amounts due said firm" is not an allegation of insolvency. Various other objections to the bill might be pointed out, but it is deemed unnecessary.

Upon full consideration, we are of opinion that the de. murrer to the bill was properly sustained, and the decree of the court below dismissing the bill must therefore be affirmed.

Decree affirmed.